# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

|   |   |
|---|---|
| TOMMY K. CRYER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 5:07-cv-2206<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# UNITED STATES' MEMORANDUM
# IN SUPPORT OF MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)

**TABLE OF CONTENTS**

Introduction………..………………………………………………………………………… 2

The complaint's allegations ……………………………………………………………4

Facts subject to judicial notice . …………………………………………………………..5

Argument ……………………………………………………………………………….6

     I.     The complaint does not plead disclosure of
          "return information"   ..………………………………………………..7

     II.    The disclosures are permitted under the "investigative
          purposes" exception of 26 U.S.C. §6301(k)(6)   ……………………….9

     III.   The disclosures are immunized under 26 U.S.C. §7431(b)'s
          "good faith" defense………………………………………………..11

  Conclusion ……………………………………………………………………………14

## TABLE OF AUTHORITIES

*Barrett v. United States,* 51 F.3d 475 (5th Cir. 1995) …………………………………13

*Baskin v. United States,* 135 F.3d 338 (5th Cir. 1998)……………………………....7

*Bryant v. Adado Brands,* 187 F.3d 1271 (11th Cir. 1999)…………………………....7

*Dean v. United States,* 330 F.Supp.2d 1318, 1327-28 (N.D.Fla. 2004)………………13

*Gandy v. United States,* 234 F.3d 281 (5th Cir. 2000) ……………………………..11, 12

*In re Grand Jury Investigation,* 610 F.2d 202 (5th Cir. 1980)…………………………11

*In re Grand Jury Proceedings,* 1996 WL 107143 (9th Cir. 1996)………………………11

*Payne v. United States,* 289 F.3d 377 (5th Cir. 2002) ………………………………….11

*Payne v. United States,* 290 F.Supp.2d 742 (S.D. Tex. 2003)…………………………12

*Roebuck v. United States,* 1999 WL 501003 (E.D.N.C. 1999)…………………………13

*Rhodes v. United States,* 903 F.Supp. 819 (M.D.Pa. 1995)……………………………...13

*Ryan v. United States,* 74 F.3d 1161 (11th Cir. 1996)……………………………….....7

*Snider v. United States,* 468 F.3d 500 (8th Cir. 2006)……………………………….3, 13

## STATUTES & REGULATIONS

26 U.S.C. §6103 ……………………………………………………………………6, 8, 9

26 U.S.C. §7431……………………………………………………………………..11, 12

26 C.F.R. §301.6103(k)(6)-1 …………………………………………………….....9, 10

## INTRODUCTION

Plaintiff's complaint alleges that United States criminal investigators wrongfully disclosed to third party witnesses that: (1) "Plaintiff was the subject of a criminal investigation being conducted by the U.S. Attorney's Office"; and (2) "Plaintiff was the subject of a secret criminal investigation being conducted by the Grand Jury." (Complaint ¶¶10-39) These supposedly wrongful disclosures were made in the course of written letters to, and oral interviews of, individuals who had written checks to plaintiff. (Complaint ¶¶8, 10-39) These allegations fail to state a claim upon which relief can be granted. The United States requests that the complaint be dismissed under Fed.R.Civ.P. 12(b)(6).

Criminal investigators of all stripes, be they federal or state, routinely identify themselves and the nature of their investigation to those potentially holding relevant information. Regardless of whether it is the local police, state police, Federal Bureau of Investigation, or other criminal investigative organization, once the criminal investigator identifies herself, a reasonable third party witness being interviewed will understand, without more, that a criminal investigation is afoot. Even when the criminal investigator does not expressly identify the target of her investigation, as soon as the investigator's questions to the witness begin focusing on the target individual, it takes little for the witness to figure out who is under investigation. Finally, many witnesses are reluctant to discuss matters with a criminal investigator until the investigator expressly

identifies the target of investigation and assures the witness that the witness herself is not under investigation.[1]

The complaint alleges seven written disclosures and 23 oral disclosures. The Court may dispose of the alleged written disclosures simply by reviewing the letters in question. The written disclosures are innocuous and not actionable.

The remainder of the complaint alleging oral disclosures should also be dismissed. Plaintiff's complaint against the United States is brought under 26 U.S.C. §7431. Section 7431 provides a cause of action to a taxpayer for any wrongful disclosure of her tax "return or return information . . . in violation of any provision of section 6103." However, section 6103 defines "return information" to include only that information furnished to or collected by the Department of the Treasury, most likely via its agency the Internal Revenue Service ("Service"). See 26 U.S.C. §6103(b)(2)(A). The complaint alleges disclosure only of the existence of a grand jury investigation conducted by the United States Attorney's Office, but not of any information furnished to or collected by the Department of the Treasury. Consequently, the complaint fails to allege the disclosure of any "return information," as defined by the statute. See 26 U.S.C. §6103(b)(2)(A).

Even assuming the complaint alleges the disclosure of "return information," it still fails to plead a claim. The operative regulation provides that a Service investigator may inform third party witnesses: (1) that she is a Special

---

[1] *Snider v. United States,* 468 F.3d 500, 514 (8th Cir. 2006) (Gruender, J., dissenting).

3

Agent with the Service's Criminal Investigation Division; and (2) that she is conducting a criminal investigation of a taxpayer, including identifying the taxpayer under investigation.  26 C.F.R. §301.6103(k)(6)-1; Internal Revenue Manual 9.3.1.3.3.2.  Because the complaint alleges no more, it fails to state a cause of action.  The United States likewise prevails because of the "good faith" defense under 26 U.S.C. §7431(b).

## THE COMPLAINT'S ALLEGATIONS

Plaintiff Tommy Cryer is a Shreveport attorney.  (Complaint, ¶4) According to the complaint, the Service had conducted an administrative criminal investigation that by early February 2005 had "gathered all necessary information regarding Plaintiff's financial transactions", including bank records and profit and loss statements.  (Id., ¶¶5-6)

Then, about a year later, Cryer became the subject of a grand jury investigation being conducted by the United States Attorney's Office.  (Id., ¶9) The field investigators for this grand jury investigation were from the Criminal Investigation Division of the Service.  (Id., ¶8)  These investigators allegedly entered into a "smear" campaign against plaintiff.  They contacted a number of plaintiff's clients "under the pretext of verifying receipts that had already been acknowledged by Plaintiff" (id., ¶8), and then wrongfully disclosed that:

1. plaintiff "was the subject of a criminal investigation being conducted by the U.S. Attorney's office", and

3007362.1

    2.    plaintiff "was the subject of a secret criminal investigation being conducted by the Grand Jury".

(Id., ¶¶10-39)  The complaint nowhere alleges that the investigators at any time disclosed Cryer's income, amount of unpaid tax, or any other confidential financial information.

These disclosures were allegedly wrongful because they revealed protected information under Fed.R.Crim.P. 6 and 26 U.S.C. §6103(b).  (Id., ¶¶8-9; see ¶¶10-39)  Plaintiff asserts a civil cause of action against the United States under 26 U.S.C. §7431.  (Id., ¶¶47-50)

## FACTS SUBJECT TO JUDICIAL NOTICE

In July 2002, and long before the alleged wrongful disclosures here, plaintiff publicly disclosed that he was the subject of a criminal tax investigation. He did so by filing with this court a motion to quash that stated that he was the subject of an investigation by the Service's Criminal Investigation Division.[2] Plaintiff's motion to quash the summons issued by the Service was denied by the district court.  His subsequent appeal to the Fifth Circuit was eventually dismissed as moot.[3]

---

[2] *Tommy Cryer v. United States (W.D. La. Misc. No. 02-19-DEW)*, Petition to quash summons (PACER #1, 7/30/2002).  The United States responding papers confirmed that Cryer was the subject of an ongoing criminal tax investigation.  *Id.* (PACER #4, Memorandum of United States of America in Support of Motion for Summary Judgment, 10/17/2002).

[3] *Tommy Cryer v. United States (W.D. La. Misc. No. 02-19-DEW)*, Order denying motion to quash (PACER #9, 11/12/2002) and judgment after remand dismissing matter as moot (PACER #15, 3/1/2004).

In late 2006, the United States indicted plaintiff on criminal tax charges. The United States alleged, inter alia, that plaintiff had not filed a federal income tax return since 1993.[4]  Although plaintiff filed four separate motions to dismiss the indictment, including one exhausting 104 page motion raising various frivolous "tax protestor" arguments[5], not one of those motions alleged any improper disclosure of grand jury or other confidential investigative information.  Nor did Cryer move for contempt based upon any alleged violation of grand jury secrecy under Fed.R.Crim.P. 6(e).

## ARGUMENT

The Court may easily dismiss the alleged written disclosures, once the Court has reviewed the letters at issue.  As for the pleaded oral disclosures, they also fail to state a claim under 26 U.S.C. §7431 because:

(1) they do not allege disclosure of any protected "return information" but only disclosure of an investigation under the authority of the United States Attorney's Office;

(2) they are permitted under the "investigative purposes" exception of 26 U.S.C. §6103(k)(6); and,

(3) they are immunized under the "good faith, but erroneous interpretation of section 6103" defense provided under 26 U.S.C. §7431(b).

---

[4] *United States v. Tommy Cryer, (W.D. La. Crim. No. 06-50164-SMH)* (PACER #37, 3/28/07, Superseding Indictment, p. 2).

[5] *United States v. Tommy Cryer, (W.D. La. Crim. No. 06-50164-SMH)* (PACER #25, 2/7/07, Defendant's Fourth Motion to Dismiss Indictment).

I. **The complaint does not plead disclosure of "return information"**

Plaintiff pleads his cause of action under 26 U.S.C. 7431. For a cause of action to be stated under that section, the aggrieved taxpayer's tax "return" or "return information" must be disclosed in violation of 26 U.S.C. §6103.

Although section 6103 is in some respects quite broad, "it is restricted to data . . . received by, recorded by, prepared by, furnished to, or collected by the Secretary [of the Treasury]." *Ryan v. United States,* 74 F.3d 1161, 1163 (11th Cir. 1996) (quoting 26 U.S.C. 6103(b)(2)(A).) Consequently, "information collected by the United States Attorney's Office, even with the assistance of an IRS Special Agent, is not information belonging to the Secretary of the Treasury – it is within the custody of the Attorney General or the Department of Justice." *Ryan,* 74 F.3d at 1163. The Fifth Circuit is in accord. *Baskin v. United States,* 135 F.3d 338, 343 (5th Cir. 1998) ("As in *Ryan,* information collected by the United States Attorney's Office, even with the assistance of an IRS Special Agent, is not information belonging to the Secretary of the Treasury").

The complaint alleges that seven letters to third parties include wrongful disclosures. (Complaint ¶¶13, 18, 19, 20, 21, 26 & 31) But the complaint does not attach those specifically pleaded letters. "[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the pleading. . . . [including] on a motion to dismiss under Rule 12(b)(6)." 5A Wright & Miller, *Federal Practice & Procedure (3rd ed.)* §1327 at 438-39, 444; *Bryant v. Adado Brands,* 187 F.3d 1271, 1281

7

(11th Cir. 1999). Those seven letters are attached hereto as Exhibits 1 to 7. They all merely state: "I am assisting the United States Attorney's Office in a grand jury investigation and need to determine the purpose of the attached check (i.e., legal fees, lawsuit settlement, etc.)" Each letter then lists the particulars of the relevant check(s), including that plaintiff is the payee. See Exhibits 1 to 7. These letters do not reveal any "return information" and are clearly not actionable. Paragraphs 13, 18, 19, 20, 21, 26 and 31 of the complaint should be dismissed with prejudice.

The remainder of the complaint alleges 23 oral disclosures. (Complaint ¶¶10-12, 14-17, 22-25, 27-30, 32-29). But these paragraphs again allege only the disclosure of the existence of an United States Attorney's Office grand jury investigation. They do not allege disclosure of any information "received by, recorded by, prepared by, furnished to, or collected by the Secretary," as required by 26 U.S.C. §6103(b)(2)(A).[6] These paragraphs of the complaint therefore fail, too.

---

[6] 26 U.S.C. §6103(b), which defines "return" and "return information", states in pertinent part:

> (2) RETURN INFORMATION. – The term "return information" means—
>
>> (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, <u>received by, recorded by, prepared by, furnished to, or collected by the Secretary</u> with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, . . .

26 U.S.C. §6103(b)(2)(A) (emphasis supplied).

8

3007362.1

## II.  The disclosures are permitted under the "investigative purposes" exception of 26 U.S.C. §6301(k)(6)

Even if the complaint could somehow be amended or construed to allege oral disclosures of "return information," the complaint would still fail.

Congress has provided that "return information" while confidential in general, may be disclosed in numerous specific contexts.  See 26 U.S.C. §6103(c) – (o).  In particular, Congress provided an exception allowing disclosures for "investigative purposes."  See 26 U.S.C. §6103(k)(6).  Congress further instructed the Secretary of the Treasury to define the scope of "investigative purposes" exception via regulation.  26 U.S.C. §6103(k)(6) ("Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.")

In response, the Secretary promulgated, and then later in 2003 revised, 26 C.F.R. §301.6103(k)(6)-1 to fulfill this Congressional mandate.  Critically, the Secretary's 2003 revision of the regulation specifically responded to litigated cases claiming wrongful disclosures by Service criminal investigators during third party witness interviews.  See 68 FR 41073 (July 10, 2003).   The Secretary emphasized that the 2003 revised "regulations clarify that section 6103(k)(6) permits IRS . . . officers and employees to identify themselves, their organizational affiliation with the IRS (e.g., Criminal Investigation (CI) . . . ), and the nature of their investigation when making oral, written, or electronic contacts

9

with third party witnesses."  68 FR 41072 (July 10, 2003); 26 C.F.R. §301.6103(k)(6)-1(a)(3).  The Secretary's 2003 revision sets forth this concrete example to guide criminal investigators:

> "A special agent is conducting a criminal investigation of a taxpayer, a doctor, for tax evasion.  Notwithstanding the records provided by the taxpayer and the taxpayer's bank, the special agent decided to obtain the information from the taxpayer's patients to verify amounts paid to the taxpayer for his services.  Accordingly, the special agent sent letters to the taxpayer's patients to verify these amounts.  In the letters, <u>the agent disclosed that he was a special agent with IRS-CI and that he was conducting a criminal investigation of the taxpayer.  Section 6103(k)(6) permits these disclosures</u> . . . . "

26 C.F.R. §301.6103(k)(6)-1(d)(Example 3) (emphasis supplied).  The 2003 revisions also emphasize that corroborating information provided by the taxpayer is "essential" and that the investigator may contact third parties even where the "special agent has no specific reason to disbelieve the taxpayer's information."  68 FR 41073; 26 C.F.R. §301.6103(k)(6)-1(c)(3)(Example 2).[7]

Agents also look to the Internal Revenue Manual for guidance.  As of December 2005, the Internal Revenue Manual was revised to clarify that an agent "may disclose that he/she is a special agent with IRS-CI and that he/she is conducting a criminal investigation of the taxpayer."  Internal Revenue Manual §9.3.1.3.3.2 (December 2, 2005).  The complaint therefore fails.

---

[7] Moreover, the 2003 revisions anticipate a subsequent plaintiff's allegation that the investigator's third party contacts were simply under the pretext of verifying and corroborating plaintiff's income, as Cryer alleges here. (Complaint ¶8)  The revised regulation states:  "The decision whether to verify information already obtained is a matter of investigative judgment and is not limited by section 6103(k)(6)."  26 C.F.R. §301.6103(k)(6)-1(d)(Example 3).

The allegation of disclosure of a secret grand jury investigation adds nothing. A criminal investigator may disclose "the existence of a pending grand jury investigation, the target's identity, and the nature of the investigation . . . . The government could not effectively proceed with an investigation if prohibited from disclosing this information." *In re Grand Jury Proceedings,* 1996 WL 107143 at *2 (9th Cir. 1996). Plaintiff does not allege disclosure of a "matter occurring before the grand jury," as required. Fed.R.Crim.P. 6(e)(2)(B); *In re Grand Jury Investigation,* 610 F.2d 202, 216-17 (5th Cir. 1980). Even assuming this disclosure violated Fed.R.Crim.P. 6, which it did not, Cryer's proper remedy would have been to bring a motion for an order of contempt or for dismissal of his indictment. *Id.* at 219; Fed.R.Crim.P. 6(e)(7). Cryer did neither.

### III. The oral disclosures alleged are immunized under 26 U.S.C. §7431(b)'s "good faith" defense

The "good faith" defense provided by 26 U.S.C. §7431(b)(1) independently defeats plaintiff's claims.[8] That defense immunizes all disclosures that do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gandy v. United States,* 234 F.3d 281, 285 (5th Cir. 2000). The "good faith" defense is decided under an objective standard measured by "the statutory provisions governing disclosure, as interpreted and reflected in IRS regulations and manuals." *Payne v. United States,* 289 F.3d 377, 384 (5th Cir. 2002).

---

[8] Section 7431(b) states that "[n]o liability shall arise under this section with respect to any inspection or disclosure (1) which results from a good faith, but erroneous interpretation of section 6103 or (2) which is requested by the taxpayer." 26 U.S.C. §7431(b).

11

This court should dismiss the allegations of wrongful oral disclosures on the authority of *Gandy v. United States,* 234 F.3d 281 (5th Cir. 2000). In *Gandy*, the "oral disclosures at issue were made by [agents] McPherson and Sanders when they told potential witnesses and other third parties that they were conducting a <u>criminal</u> investigation of [taxpayer] Gandy." *Gandy,* 234 F.3d at 283 (emphasis original). These oral disclosures were made in the course of 47 witness interviews, additional telephone calls to local businesses, and during the service of numerous summons requesting documents from third parties. *Gandy v. United States,* 1999 WL 112527 at *2 (E.D. Tex. 1999), *aff'd,* 234 F.3d 281 (5th Cir. 2000). These oral disclosures were made at a time when Service regulations and manuals <u>prohibited</u> written disclosures that the taxpayer was under criminal investigation, *Gandy,* 234 F.3d at 285, and were ambiguous as to whether equivalent oral disclosures were permitted. *Id.* (Fifth Circuit refusing to decide the "difficult legal question" of whether the oral disclosures were at the time permitted under the "investigative purposes" exception located at 26 U.S.C. §6103(k)(6)).

Despite Gandy's argument that "no reasonable agent could interpret the IRS regulations and manuals to authorize a statement if it is made orally, while forbidding it in a written disclosure," the Fifth Circuit nevertheless held that oral disclosures that the taxpayer was under criminal investigation came within section 7431(b)'s "good faith" defense. *Gandy,* 234 F.3d at 286-87. As the Fifth Circuit observed:

12

> Knowledgeable persons know that agents in the criminal division conduct only criminal investigations. An agent's knowledge that his badge identifies his area of investigation further supports a reasonable agent's conclusion that he is authorized to orally disclose – what the third party probably already knows – that the agent is conducting a criminal investigation.

*Id.* at 287. The "good faith" defense applied because such oral disclosures did not violate any "clearly established statutory or constitutional law." *Accord, Payne v. United States,* 290 F.Supp.2d 742, 756, 758-59 (S.D. Tex. 2003) (district court previously had awarded taxpayer $1.5 million because of wrongful disclosures, but after remand, with express instructions from the Fifth Circuit to apply *Gandy,* holding that oral disclosures to third parties that the target taxpayer was under criminal investigation were immunized under the "good faith" defense), *aff'd* 107 Fed.Appx. 445 (5th Cir. 2004).

The United States prevailed in both *Gandy* and *Payne* even though the oral disclosures in those cases occurred before the 2003 and 2005 regulatory revisions.[9] As noted above, those revisions emphasized that an investigator <u>is</u> permitted to disclose that the taxpayer is under criminal investigation. Plaintiff alleges that the disclosures regarding him occurred in early 2006; i.e., after the

---

[9] Plaintiff may cite to *Barrett v. United States,* 51 F.3d 475 (5th Cir. 1995), and *Snider v. United States,* 468 F.3d 500 (8th Cir. 2006). *Barrett* addresses widespread written disclosures and, more important, must be read in the light of the much more recent Fifth Circuit jurisprudence found in *Gandy* and *Payne.* To the extent *Snider* is contrary to *Gandy* and *Payne,* the latter control in the Fifth Circuit. Finally, many cases addressing disclosures even before the 2003 and 2005 regulatory revisions have found that a Service investigator may disclose that the taxpayer is under criminal investigation. *E.g., Roebuck v. United States,* 1999 WL 501003 (E.D.N.C. 1999); *Rhodes v. United States,* 903 F.Supp. 819 (M.D.Pa. 1995); *Dean v. United States,* 330 F.Supp.2d 1318, 1327-28 (N.D.Fla. 2004).

13

clarifying provisions.  (Complaint ¶¶10-39)  Consequently, the "good faith" defense, as applied by *Gandy* and *Payne,* even more clearly obtains here.

## CONCLUSION

The complaint reveals that it is based upon discovery provided by the United States to Cryer before his criminal trial, and not upon any subsequent investigation by Cryer or by his attorney.  (Complaint ¶44)  Before the United States is subjected to the proverbial "fishing expedition" of extended civil discovery here, plaintiff should be required to plead a valid cause of action.  When Congress created a cause of action for the government's wrongful disclosure of an individual's tax return or return information, it surely did not intend to provide a cause of action to an individual who has not even filed a federal income tax return since 1993.

Dated:  February 25, 2008                    Respectfully submitted,

                                             DONALD W. WASHINGTON
                                             United States Attorney

                                             /s/ Valerie G. Preiss
                                             Valerie G. Preiss
                                             Joseph E. Hunsader
                                             Duston Barton
                                             Trial Attorneys, Tax Division
                                             U.S. Department of Justice
                                             Ben Franklin Station
                                             P.O. Box 227
                                             Washington, D.C.  20044
                                             Tel:  (202) 202-514-6475
                                             Fax:  (202) 514-6866
                                             Email:  Valerie.G.Preiss@usdoj.gov