

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 0 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| TOMMY K. CRYER | CIVIL ACTION NO. 07-2206 |
| VERSUS | JUDGE DONALD E. WALTER |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss [Doc. #3] filed on behalf of defendant, the United States of America (the "Government"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposes this motion. For the reasons assigned herein, the Government's motion is **GRANTED**, and plaintiff's claims are **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiff, Tommy K. Cryer ("Cryer"), brings this action pursuant to 26 U.S.C. § 7431 against the Government asserting claims of wrongful oral and written disclosures of return information by Special Agents of the Criminal Investigative Division of the Internal Revenue Service ("IRS") in violation of 26 U.S.C. § 6103. In particular, Cryer alleges that the Special Agents contacted plaintiff's clients and/or friends and wrongfully disclosed that "Plaintiff was the subject of a criminal investigation being conducted by the U.S. Attorney's Office," and/or "that Plaintiff was the subject of a secret criminal investigation being conducted by the Grand Jury." Complaint, ¶¶10-39.

In its Motion to Dismiss, the Government asserts that Cryer fails to state a claim under §7431 because any disclosures made were not of "return information" as defined by 26 U.S.C. §

6103(b)(2)(A); are permitted under the "investigative purposes" exception of 26 U.S.C. § 6103(k)(6); and are immunized under the "good faith, but erroneous interpretation of section 6103" defense provided under 26 U.S.C. § 7431(b). The Government further asserts that Cryer's wrongful disclosure claims based upon seven letters sent to third parties requesting information with regard to checks made payable to Cryer should also be dismissed as they are "innocuous and not actionable."

In opposing defendant's motion, Cryer asserts that the Complaint does, in fact, allege all of the elements required to establish a wrongful disclosure claim under §7431, "i.e., that tax return information was unnecessarily disclosed in violation of 26 U.S.C. § 6103." Plaintiff further asserts that the Government's claim that the agents acted under a good faith misinterpretation of the laws prohibiting disclosures is merely an affirmative defense, and that the Complaint "clearly alleges bad faith on the part of the offending agents." Plaintiff's Opp., ¶2.

## **LAW AND ANALYSIS**

On a Rule 12(b)(6) motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive such a motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

Section 7431 provides that a taxpayer may bring a civil action for damages against the United States "[i]f any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any

provision of section 6103." 26 U.S.C. §7431(a)(1). Section 6103 prohibits an officer or employee of the United States, among others, from disclosing "any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." 26 U.S.C. §6103(a). Section 6103(b) defines "return information," in pertinent part, as:

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense . . .

26 U.S.C. §6103(b)(2)(A).

Each of the seven letters identified by Cryer in his Complaint[1] as wrongfully disclosing return information opens as follows: "I am assisting the United States Attorney's Office in a grand jury investigation and need to determine the purpose of the attached check (i.e., legal fees, lawsuit settlement, etc.)." See Complaint, ¶¶13, 18-21, 26 & 31; see also defendant's Motion to Dismiss, Exhs. 1-7. The letters then contain a detailed description of the relevant check(s) that includes the identity of the payee as Tommy K. Cryer. Clearly, the letters do not disclose any "return information." Therefore, Cryer fails to state a claim under §7431 with regard to the written

---

[1] The letters relied upon by Cryer were not attached to the Complaint but were attached to the Government's motion to dismiss. This Court's reliance upon these letters on a motion to dismiss is proper, and this Court need not convert defendant's motion to one for summary judgment, as the letters are referred to in plaintiff's Complaint and are central to his claim regarding the allegedly unlawful written disclosures. See In re Katrina Canal Breached Litigation, 495 F.3d 191, 205 (5th Cir. 2007); see also Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

disclosures.

As explained above, Cryer makes, at the most, only two allegations as to each identified incident of alleged unlawful oral disclosure by the Special Agents: (1) that "Plaintiff was the subject of a criminal investigation being conducted by the U.S. Attorney's Office;" and (2) "that Plaintiff was the subject of a secret criminal investigation being conducted by the Grand Jury." Complaint, ¶¶10-12, 14-17, 22-25, 27-30 & 32-39. The Government asserts that Cryer fails to allege the disclosure of "return information" and, even assuming plaintiff's Complaint could be amended or construed to allege oral disclosures of "return information," plaintiff's Complaint would still fail as the Special Agents' communications are protected by the "investigative purposes" exception, 26

U.S.C. §6103(k)(6)[2], or the "good faith" defense, 26 U.S.C. §7431(b)(1).[3]

For purposes of a motion to dismiss, the Court "will generally accept the pleader's description of what happened to him along with any conclusions that can reasonably be drawn therefrom." Jones v. Alcoa, Inc., 339 F.3d 359, 363 (5th Cir. 2003)(internal quotations and citations omitted). With the exception of plaintiff's identifying the individuals or business allegedly contacted by the Special Agents, Cryer's allegations with regard to the Agents' communications with, contacts of or disclosures to third party witnesses are devoid of detail, let alone any factual basis to support the conclusion that the Special Agents made disclosures in violation of §6103. "Conclusory allegations and unwarranted deductions of fact are not admitted as true" by a motion to dismiss.

---

[2]Section 6103(k)(6) provides, in part, that:

> [a]n internal revenue officer or employee and an officer or employee of the Office of Treasury Inspector General for Tax Administration may, in connection with his official duties relating to any . . . civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

Further, 26 C.F.R. §301.6103(k)(6)-1(a)(3) provides that IRS employees

> may identify themselves, their organizational affiliation (e.g., [IRS], Criminal Investigation (CI) or TIGTA, Office of Investigations (OI)), and the nature of their investigation, when making oral, written, or electronic contact with a third party witness. Permitted disclosures include, but are not limited to, the use and presentation of any identification media (such as a Federal agency badge, credential, or business card) or the use of an information document request, summons, or correspondence on Federal agency letterhead or which bears a return address or signature block that reveals affiliation with the Federal agency.

[3]Section 7431(b)(1) provides immunity from liability for any inspection or disclosure that "results from a good faith, but erroneous, interpretation of section 6103."

Associated Builders, Inc. v. Alabama Power Company, 505 F.2d 97, 100 (5th Cir. 1974).

This Court finds that even if plaintiff's allegations could be construed to allege that the Special Agents disclosed return information, the disclosures at issue are covered by the "investigative purposes" exception. See 26 U.S.C. §6103(k)(6). Thus, the remaining communications relied upon by Cryer are also not actionable. Based on this finding, the Court need not address whether the "good faith" defense applies.

Finally, the Court finds that plaintiff has failed to state a claim related to wrongful disclosure of Grand Jury proceedings. See Fed. R. Cr. P. 6.

## CONCLUSION

For the reasons stated above, plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Government's motion to dismiss is **GRANTED**, and plaintiff's claims are **DISMISSED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE